IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC. ET AL., <br>     Plaintiffs, <br> v. <br> SAN JOSE PARTY RENTAL, ET AL, <br>     Defendants.                                    / | No. C 10-00511 CRB <br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

    Plaintiffs Disney Enterprises, Inc., Warner Bros. Entertainment Inc., DC Comics, Hanna-Barbera Productions, Inc., and Sanrio, Inc. ("Plaintiffs") move for default judgment against San Jose Party Rentals a/k/a Sunnyvale Jump a/k/a San Jose Jumpers a/k/a Sunnyvale Jumpers Bouncers and proprietor Viet Nguyen for copyright and trademark violations based on Defendants' sale of counterfeit merchandise, such as moonwalks,[1] bearing the likenesses of Plaintiffs' properties, such as Bugs Bunny and Superman. Mot. at 13. At the motion hearing this morning, at which Defendants did not appear, the Court GRANTED Plaintiffs' motion, with modified damages.

    Plaintiffs filed this action on February 4, 2010. Dckt. no. 1. Plaintiffs assert that they served Defendants with the Complaint on March 10, 2010. Mot. at 14. Defendants have not responded or appeared in the case in any way, and on May 10, 2010 default was entered.

---

[1] Moonwalks are "enclosed inflatable trampolines" for children.
See http://en.wikipedia.org/wiki/Inflatable_structure; see also Baker Decl. Ex. A.

Dckt. no. 16. Plaintiffs assert that Defendants were served with notice of default on May 10, 2010. Mot. at 14, 22; Baker Decl. at ¶ 5. Accordingly, the Court accepts as true all allegations in the complaint relating to liability. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiffs seek: permanent injunctive relief; $550,000.00 in statutory damages pursuant to the Copyright Act, 17 U.S.C. § 504(c); $125,000.00 in statutory damages pursuant to the Lanham Act, 15 U.S.C. § 117(c); and interest on the judgment pursuant to 28 U.S.C. § 1961(a). Mot. at 20.

### A.   Permanent Injunctive Relief

Plaintiffs alleged that Defendants infringed on their copyrights and trademarks by willfully and knowingly manufacturing, distributing, and selling moonwalks featuring Plaintiffs' properties. Cmplt. at ¶¶ 18, 26, 34, 44-45. Defendants' failure to respond to the suit gives the Court no comfort that these infringements have ceased or will cease. See, e.g., Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003). Moreover, Plaintiffs represented at the motion hearing that Defendants appear to still be in business. Thus, the Court finds that Plaintiffs will be irreparably harmed if an injunction is not issued, and issues the following injunction: "Defendant is enjoined from further infringement of Plaintiffs' copyrights and trademarks."

### B.   Copyright Act

Under the Copyright Act, a plaintiff may elect either statutory or actual damages for copyright infringement. 17 U.S.C. § 504(c)(1). Plaintiffs here elect statutory damages. Mot. at 22. They allege that Defendants willfully infringed a total of twenty-two copyrighted designs. Mot. at 24; Cmplt. at ¶¶ 5(b)-(e), 7(b)-(I), 8(a)-(f), 9(a)-(d); Drey Decl. at Exs. B, D-F. These include: (1) Hello Kitty; (2) Mickey Mouse; (3) Winnie the Pooh; (4) Tigger; (5) Tinkerbell; (6) Ariel; (7) Cinderlla; (8) Snow White; (9) Aurora; (10) Belle; (11) Jasmine; (12) Cars; (13) Finding Nemo; (14) High School Musical; (15) The Incredibles; (16) Lilo & Stitch; (17) Pirates of the Caribbean; (18) Toy Story; (19) Hannah Montana; (20) Batman;

(21) Superman; and (22) Scooby-Doo, Where Are You?  Mot. at 24; Cmplt. at ¶¶ 1, 10-11, 14-18; Baker Decl. at ¶¶ 4-5, Baker Decl. Ex. A.

Where infringement is willful, plaintiffs may recover not only the $750 to $30,000 per infringement provided in 17 U.S.C. § 504(c)(1), but up to $150,000 per infringement, as provided in 17 U.S.C. § 504(c)(2).  Statutory damages for willful infringement have a punitive component.  Jackson, 255 F. Supp. 2d at 1103.  Plaintiffs' allegations, taken as true, adequately establish that Defendants' infringement is willful.  See Cmplt. at ¶¶ 18, 26, 34, 44-45; Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008); Jackson, 255 F. Supp. 2d at 1101.  Plaintiffs point to further evidence that Defendants acted wilfully, attaching images of Defendants' products bearing identical copies of Plaintiffs' copyrighted designs and Defendants' descriptions of their designs products as Plaintiffs' copyrighted designs.  See Baker Decl. Ex. A, ¶ 4.

Plaintiffs seek statutory damages of $25,000 per infringement, multiplied by twenty-two infringements, for a total of $550,000.  Mot. at 25.  Courts have "wide discretion in determining the amount of the statutory damages to be awarded, constrained only by the specified maxima and minima."  See Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th cir. 1984).  Though Defendants' conduct was willful and Plaintiffs are theoretically entitled to damages of up to $150,000 per infringement, $25,000 per infringement is nonetheless at the high end of the § 504(c)(1) scale and inappropriate in light of the scale of Defendants' venture.[2]  However, because Plaintiffs have sought to, and do, profit from the copyrights themselves, see, e.g., Cmplt. at ¶ 5(c) ("The revenue from products sold in the United States which use the Disney Copyrighted Movies and Characters is substantial"), the Court awards Plaintiffs $10,000 per infringement, multiplied by twenty-two infringements, for a total of $220,000.

//

//

---

[2] For example, Plaintiffs at the motion hearing stated that they believe that Defendants run their business out of the family home.

3

**C.     Lanham Act**

Under the Lanham Act, a plaintiff may elect statutory or actual damages for infringement. 15 U.S.C. § 1117(c). Plaintiff Warner Brothers here elects statutory damages. Mot. at 27. They allege that Defendants infringed on five of their trademarks: (1) Bugs Bunny; (2) Tweety; (3) Sylvester; (4) Marvin the Martian; and (5) Daffy Duck. Cmplt. at ¶¶ 6(b), 24-25.

Where infringement on a trademark is willful, a plaintiff may recover not only the $1,000 to $200,000 provided in 15 U.S.C. § 1117(c)(1), but up to $2,000,000 per infringement, based on 15 U.S.C. § 1117(c)(2), "as the court considers just." Plaintiffs' allegations, taken as true, adequately establish that Defendants' infringement is willful. See Cmplt. at ¶¶ 25, 29.

Plaintiffs seek statutory damages of $125,000, or $25,000 for each of the five infringements. Mot. at 27. Again, in the Court's judgment, this amount is excessive in light of Defendants' conduct. Accordingly, the Court awards Plaintiffs $10,000 for each of the five infringements, a sum within the 15 U.S.C. § 1117(c)(1) scale, for a total of $50,000. The Court finds that this amount is sufficient to deter other potential infringers.

**D.     Interest**

Plaintiffs are entitled to post-judgment interest pursuant 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, the Court GRANTS default judgment, GRANTS a permanent injunction, and AWARDS damages of $220,000 for violations of the Copyright Act, an additional $50,000 for violations of the Lanham Act, as well as interest.

**IT IS SO ORDERED.**

Dated: October 1, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE